**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| BRADLEY J. LOWE, | ) |
| | ) |
|                 Plaintiff | ) |
| | ) |
|  vs. | ) CASE NO.  2:17-CV-156 |
| | ) |
| VIGO COUNTY INDIANA, | ) |
| JUDITH ANDERSON, | ) |
| in her official capacity as Vigo | ) |
| County Commissioner, | ) |
| BRAD ANDERSON, in his official capacity | ) |
| as Vigo County Commissioner, and | ) |
| JON MARVEL, in his official | ) |
| capacity as Vigo County Commissioner, | ) |
| | ) |
|                 Defendants | ) |

*COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF*
*AND REQUEST FOR TRIAL BY JURY*

*I.  INTRODUCTION*

Plaintiff Bradley J. Lowe (hereinafter "Lowe") is pursuing claims under the Americans

With Disabilities Act against his former employer, Defendants Vigo County, Indiana, Judith

Anderson, in her official capacity as Vigo County Commissioner, Brad Anderson, in his official

capacity as Vigo County Commissioner, and Jon Marvel, in his official capacity as Vigo County

Commissioner (hereinafter collectively "Vigo County") to remedy his wrongful and

discriminatory termination of employment which occurred on August 5, 2016.  Additionally,

Lowe is pursuing a claim for retaliatory discharge based upon a claim for worker's compensation

benefits he made.  Lowe's retaliation claim arises under a common set of facts and is grounded

in Indiana common law.

## II.  FACTUAL ALLEGATIONS

1.       Lowe is a resident of Terre Haute, Vigo County, Indiana.

2.       Lowe worked for Vigo County in the Vigo County Parks and Recreation

Department as a maintenance worker.  Lowe began his employment on or about April 29, 2016

and his employment continued until his wrongful termination on August 5, 2016.

3.       Lowe did good work and met all of his employer's legitimate expectations up

until the time of his wrongful termination on or about August 5, 2016.

4.       Lowe's primary job duties in his position with the Vigo County Parks and

Recreation Department involved lawn maintenance, landscaping and cleaning public buildings,

including public restrooms.

5.       Vigo County paid Lowe on an hourly basis.  He was hired to work part time and

generally assigned to work twenty-eight (28) hours per week.

6.       On or about June 21, 2016, Lowe suffered an inhalation injury while working at

Prairie Creek Park.  Vigo County has attributed this work injury to an anhydrous ammonia leak

near the entrance of Prairie Park that Vigo County attributes, at least in part, to a neighboring

farmer named Chad Morgan.  Vigo County had its worker's compensation insurer send Lowe a

copy of a letter (dated July 27, 2016) it sent to Chad Morgan in which it attributes Lowe's work

injury to Mr. Morgan's anhydrous ammonia leak and placed Mr. Morgan on notice that Vigo

County intended to seek a lien against any recovery Lowe may make for his injuries against

Chad Morgan.

7.       Lowe sought treatment for his June 21, 2016 inhalation injuries from his family

physician, Dr. Brock, and he returned to work for Vigo County.

8.      On July 18, 2016, Lowe suffered a second inhalation injury at work.  Lowe's supervisor had instructed him to put dirty mop heads in buckets of bleach.  The ammonia fumes harmed Lowe, but Lowe did not know this until he awoke the next morning with numbness in his face and his right arm.  Lowe had a stroke.  Lowe still has very limited use of his right arm.  He is numb on the right side of his face and he cannot hear out of his right ear.  His speech has been harmed by the stroke.

9.      When Lowe awoke after having his stroke, he sought immediate medical attention from Dr. Brock.  Dr. Brock sent Lowe for treatment at Union Hospital in Terre Haute.  Lowe was admitted for treatment.  Lowe was diagnosed as suffering a stroke.

10.      Lowe reported his inhalation injury to Vigo County.  Lowe missed approximately one week recovering from his stroke before returning to work.  Lowe has a letter from Vigo County's worker's compensation insurer dated August 5, 2016 acknowledging Lowe's claim for his July 18, 2016 injury.

11.      On or about August 3, 2016, Lowe was called to a meeting on what, for him, was a day off from work.  At this meeting were Kara Kish, the Superintendent for the Vigo County Parks and Recreation Department, a man Lowe believes was named Adam and who may have been a supervisor, and a woman whose name Lowe does not know, but who did most of the speaking for Vigo County during this meeting.  The woman wanted Lowe to sign a form.  She had her hand over the form and Lowe could not read it.  Lowe asked if he could take the form to someone to read for him (he wanted to have an attorney review the form).  Lowe was not given a copy of this form and he is not certain about this, but Lowe was concerned that he was being asked to sign some type of release absolving Vigo County of his work injuries.  The Vigo

County representatives tried to pressure Lowe to sign the form, but he did not.  Lowe became

concerned that he would be fired if he did not sign the form and directly asked if he was being

fired.  The Vigo County representatives told Lowe he was not being fired.

13.     Lowe also was not scheduled to work on August 4th and August 5th.  On August 5,

2016, Lowe received a telephone call from Kara Kish, the Superintendent for the Vigo County

Parks and Recreation Department, telling Lowe he was being terminated.  Lowe had not worked

since the August 3, 2016 meeting and had not had contact with any of his Vigo County

coworkers.  Ms. Kish was not very clear in explaining the supposed reason for Lowe's

termination, but she said something to indicate that Lowe was supposedly being terminated for

performing his own, actual work at Prairie Park.  Lowe thinks Ms. Kish was trying to claim that

Lowe did work he should not have done due to his injuries, but Lowe had only performed the

work his supervisors instructed him to do.  Ms. Kish sent a letter dated August 5, 2016 which

merely told Lowe he was "terminated" "due to violations within Section 8.2 'Standard of

Conduct: Discipline' in the Vigo County Employee and Management Handbook."  Lowe has no

idea what this statement is intended to mean, but Lowe did not violate any Vigo County rule and

Lowe had never been disciplined or otherwise advised that he had violated any work rule.

13.     Vigo County's explanation for Lowe's termination is false and a pretext for

disability discrimination and retaliation for Lowe's worker's compensation claims.

14.     Lowe has been significantly harmed by Vigo County's discriminatory termination

of his employment.  He is seeking all lost wages and benefits, reinstatement or front pay and

benefits, and all compensatory and punitive damages, including compensatory damages for

mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage,

and all pecuniary damages.  Lowe is also seeking payment of all of his reasonable attorney's fees, costs and expenses.

15.     Lowe's claim arises under the Americans with Disabilities Act (ADA).  His stroke condition and subsequent injuries from his stroke are covered disabilities under the ADA and Lowe was fired because of his disability.  Lowe is also pursuing an Indiana common law claim against Vigo County for retaliatory discharge based upon his worker's compensation claims.

### III.  JURISDICTION AND VENUE

16.     This Court has jurisdiction over Lowe's Americans With Disabilities Act claim as that claim raises a question of federal law.  See 28 USC § 1331 and 42 USC § 12101 et seq.  The Court has supplemental jurisdiction over Lowe's Indiana common law claim for retaliatory discharge, which has a common basis in fact with Lowe's ADA claim.

17.     Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was and is now being committed in Vigo County, Indiana.

### IV.  PARTIES

18.     Lowe is currently domiciled in and is a resident of Vigo County, Indiana.

19.     Vigo County is a county in the State of Indiana.

20.     Judith Anderson is a Vigo County Commissioner, and this action is brought against her only in that official capacity.

21.     Brad Anderson is a Vigo County Commissioner, and this action is brought against him only in that official capacity.

22.     Jon Marvel is a Vigo County Commissioner, and this action is brought against

him only in that official capacity.

## V.  ADMINISTRATIVE PROCEDURES

23.     Lowe has complied with all of the administrative procedures that are conditions

precedent to the filing of this lawsuit.  With respect to his claim under the Americans with

Disabilities Act, Lowe received his Notice of Right to Sue from the Equal Employment

Opportunity Commission, which was dated March 30, 2017.

## VI.  STATEMENT OF CLAIMS

### A.  CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT

24.     Lowe incorporates herein by reference paragraphs 1 through 23 above.

25.     Vigo County knowingly and intentionally discriminated against Lowe in violation

of the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act

of 2008 ("ADA").

26.     Vigo County's violations of Lowe's ADA rights included, but are not limited to,

the following:

       a.     Discriminating against Lowe because of his disabilities, including his
stroke and disabilities related to his stroke;

       b.     Terminating Lowe in order to avoid providing Lowe reasonable
accommodations to deal with his disability, his stroke, and related medical
problems stemming from his stroke.  In so doing, Vigo County
discriminated against Lowe because of his disability and it also failed to
reasonably accommodate Lowe's known disability.

       c.     Discriminating against Lowe because Vigo County regarded Lowe as

disabled, after Lowe suffered his stroke and reported his stroke to his Vigo

County superiors; and

d.      Discriminating against Lowe based upon his record of a disability, to wit,

records Lowe provided to Vigo County reporting the fact that Lowe had

suffered a stroke and received treatment.

27.      In this case, Vigo County's decision to terminate Lowe based upon Lowe's

disclosure of his stroke and his requests (or anticipated requests) for reasonable accommodations

violates the ADA's prohibition against disability discrimination in employment decisions.

28.      Lowe is a qualified individual with a disability who is capable of performing all

essential functions of his park maintenance job with Vigo County, with or without reasonable

accommodation.  Lowe's stroke condition and related medical problems caused by the stroke are

disabilities under the ADA, and those disabilities substantially impair and significantly restrict

Lowe, when compared to the average person in the general population, in a number of major life

activities, including, but not limited to, performing manual tasks (particularly tasks on the right

side of his body), speaking, seeing, hearing, working and the operation of one or more cognitive

functions (particularly thinking and remembering).

29.      Vigo County terminated Lowe rather than engage with him in the interactive

communication process required under the ADA.

30.      Vigo County discriminated against and terminated Lowe for having engaged in

protected activity, to wit, making known his disability, and his need (and/or his anticipated need)

for reasonable accommodations.

31.      Prior to his termination from employment, Lowe performed his job duties well

and met his employer's reasonable expectations.

32.     Lowe's disability improperly motivated Vigo County's decision to discharge him

from employment.  Such wrongful actions on the part of Vigo County violate Title I of the

Americans With Disabilities Act, 42 U.S.C. § 12101 et seq, as amended by the Civil Rights Act

of 1991, 42 U.S.C. § 1981a and the Americans With Disabilities Amendments Act of 2008.

33.     Vigo County failed and refused to make reasonable accommodations to Lowe's

known and/or perceived physical limitations, in violation of Title I of the Americans With

Disabilities Act, 42 U.S.C. § 12112(b)(5)(A).  The effect of Vigo County's conduct has been to

deprive Lowe of equal employment opportunities and to deprive him of the same rights as are

enjoyed by other citizens.

34.     As a direct and proximate result of Vigo County's conduct, Lowe has sustained

substantial economic losses, including past and future wage losses, and other economic benefits.

Lowe has also sustained the loss of financial stability, peace of mind and future security, and has

suffered embarrassment, humiliation, career damage, mental and emotional distress, discomfort,

and loss of enjoyment of life, all to his detriment and damage in amounts not fully ascertained.

Further, as described hereinabove, Vigo County acted oppressively, maliciously, fraudulently

and outrageously toward Lowe, with conscious disregard for Lowe's known rights and with the

intention of causing unjust and cruel hardship to Lowe.  In acting in a deliberate and intentional

manner, Vigo County intended to and did injure and annoy Lowe.  If available, Lowe is seeking

punitive damages against Vigo County for its violations of the ADA.

35.     As a result of Vigo County's discriminatory practices, Lowe is seeking all

available compensatory damages, punitive damages, and any and all equitable relief available to

him under the ADA.

36.    As a result of Vigo County's discriminatory practices, Lowe has found it
necessary to retain the services of an attorney and is therefore entitled to his reasonable
attorney's fees in this matter.

### B.  CLAIM FOR RETALIATORY DISCHARGE IN CONTRAVENTION OF THE INDIANA WORKMAN'S COMPENSATION ACT

37.    Lowe incorporates herein by reference paragraphs 1 through 36 above.

38.    By way of this complaint, Lowe is specifically alleging that Vigo County
retaliated against him and terminated him because he initiated a worker's compensation claim.

39.    Vigo County's termination of Lowe's employment is in direct contravention of
the Indiana Workman's Compensation Act and the case law thereunder.  Moreover, Vigo County
contravened Indiana law and public policy by firing Lowe while he was being treated for his
work inhalation injury and before the full extent of her work injury had been determined.

40.    As a direct and proximate result of Vigo County's act of retaliation, Lowe has
incurred damages, which damages include, but are not limited to, lost income, lost benefits,
future loss of income and benefits, pecuniary losses, embarrassment, humiliation, career damage
and mental and emotional stress and anguish on account of the wrongful acts of Vigo County.

41.    That the retaliatory discharge of Lowe by Vigo County constituted conduct which
is unconscionable, and further constituted an intentional act in defiance of the legislative intent
of the Indiana Workman's Compensation Act, which, if allowed to persist, would effectively
thwart the public policy of the State of Indiana.  Such conduct on the part of Vigo County merits
the award of punitive damages against it, if punitive damages are available.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bradley J. Lowe respectfully requests that the Court enter judgment against Vigo County and issue all available relief to him, including, but not limited to, the following:

1.      All damages available under the ADA;

2.      All compensatory damages;

3.      All punitive damages;

4.      Any and all available equitable relief;

5.      All back pay and benefits;

6.      Reinstatement and/or front pay and benefits;

7.      All reasonable attorney's fees and expenses;

8.      Costs;

9.      Prejudgment interest, if available; and

10.     Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net


## REQUEST FOR TRIAL BY JURY

Comes now Plaintiff Bradley J. Lowe, by his counsel, and hereby requests a trial by jury

on issues which may be tried to a jury.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net